UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

ELENA STRUJAN,

           Plaintiff,

-against-

MERCK & COMPANY INC.; ALL OTHERS
UNLISTED, BOTH KNOWN AND UNKNOWN,

           Defendants.

18-CV-8756 (CM)

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

    Plaintiff Elena Strujan brings this action *pro se*. By order dated April 12, 2019, the Court granted her request to proceed without prepayment of fees, that is, *in forma pauperis*. For the following reasons, the Court dismisses this action.

## STANDARD OF REVIEW

    The Court must dismiss an *in forma pauperis* complaint, or portion thereof, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint, or portion thereof, when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

    A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), *abrogated on other grounds by Bell Atl. Corp. v. Twombly*,

550 U.S. 544 (2007); *see also Denton v. Hernandez*, 504 U.S. 25, 33 (1992) (holding that "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston*, 141 F.3d at 437 ("[A]n action is 'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory.") (internal quotation marks and citation omitted).

## BACKGROUND

**A.** *Strujan I*

On September 27, 2006, Plaintiff filed a *pro se* action in this Court against Merck & Co., Inc. ("Merck"). *See Strujan v. Merck & Co., Inc.*, No. 06-CV-7745 (RMB) (HBP) (S.D.N.Y.) ("*Stujan I*"). In *Strujan I*, Plaintiff brought product liability claims against Merck arising from her use of a prescription drug known as Vioxx, which had been produced and distributed by Merck. The Court transferred *Strujan I* to the United States District Court for the Eastern District of Louisiana as a Multi-District Litigation Panel action. *Strujan I* (ECF No. 8).

By order dated October 30, 2009, the Eastern District of Louisiana dismissed *Strujan I* with prejudice. *See In re: Vioxx Prod. Liab. Litig.*, No. 2:07-CV-0906, MDL Docket No. 1657 (E.D. La. Oct. 30, 2009), *appeal dismissed*, No. 09-31202 (5th Cir. Aug. 2, 2010). On August 12, 2010, that court vacated its dismissal of *Strujan I*, and reopened that action. *See In re: Vioxx Prod. Liab. Litig.*, No. 2:07-CV-0906, MDL No. 1657 (E.D. La. Aug. 12, 2010). And on July 25, 2012, that court granted, under the doctrine of judicial estoppel, Merck's motion for summary judgment because of Plaintiff's failure to list her potential claims against Merck as an asset in her previous bankruptcy petition. *In re Vioxx Prod. Liab. Litig.*, No. 07-CV-0906, MDL No. 1657, 2012 WL 3043165 (E.D. La. July 25, 2012), *reconsideration denied*, 2012 WL 4170010 (E.D. La. Sept. 19, 2012). The United States Court of Appeals for the Fifth Circuit dismissed Plaintiff's appeal as frivolous on June 25, 2013. *In re Vioxx Prod. Liab. Litig.*, 523 F. App'x 551

2

(5th Cir. 2013) (per curiam). On November 18, 2013, the Supreme Court of the United States denied Plaintiff's petition for a writ of *certiorari*. *Strujan v. Merck & Co., Inc.*, 571 U.S. 1059 (2013).

B.     **The present action**

In the present action, Plaintiff initially filed a 164-page "Miscellaneous Non-Judicial Claim Cover Sheet" in which she names Merck as well as "all others unlisted, both known and unknown," as "wrongdoers/defendants." (ECF No. 2, at 1.) This submission is not very clear. But it seems to assert product liability claims against Merck arising from Plaintiff's use of Vioxx; Plaintiff seems to seek default judgment against Merck. (*Id.* at 2; ECF No. 2-1 to 2-7.) Plaintiff also seeks relief from other entities, some identified, some not; she asserts claims against these other entities arising from their alleged failure to respond to her legal correspondence, their alleged theft of her legal documents from her safety deposit box in a bank, and their alleged falsification of her legal documents. (ECF No. 2-7, at 4.)

Plaintiff subsequently filed a "Non-Judicial Claim" naming the same parties as "wrongdoers/defendants." (ECF No. 3.) This submission, like the previously filed one, is also not very clear. But the Court understands it as asserting the same claims against Merck as asserted in the previously filed submission. The Court therefore construes both submissions as constituting Plaintiff's complaint in this action.

## DISCUSSION

A.     **Merck**

The Court must dismiss Plaintiff's claims against Merck under the doctrine of claim preclusion. This doctrine, also known as *res judicata*, limits repetitious suits, establishes certainty in legal relations, and preserves judicial economy. *Curtis v. Citibank, N.A.*, 226 F.3d 133, 138 (2d Cir. 2000). The doctrine applies in a later litigation "if [an] earlier decision was

3

(1) a final judgment on the merits, (2) by a court of competent jurisdiction, (3) [the earlier decision] involved the same parties or their privies, and (4) [the earlier decision] involved the same cause of action." *In re Adelphia Recovery Trust*, 634 F.3d 678, 694 (2d Cir. 2011) (internal quotation marks and citation omitted, first alteration in original). "[A] final judgment on the merits of an action precludes the parties or their privies from relitigating issues that were or could have been raised in that action." *Proctor v. LeClaire*, 715 F.3d 402, 411 (2d Cir. 2013) (internal quotation marks and citations omitted). "A party cannot avoid the preclusive effect of *res judicata* by asserting a new theory or a different remedy." *Brown Media Corp. v. K&L Gates, LLP*, 854 F.3d 150, 157 (2d Cir. 2017) (internal quotation marks and citation omitted).

To determine if a claim could have been raised in an earlier action, courts look to whether the present claim arises out of the same transaction or series of transactions asserted in the earlier action. *See Pike v. Freeman,* 266 F.3d 78, 91 (2d Cir. 2001). The granting of summary judgment is an adjudication on the merits for the purpose of claim preclusion. *E.g., Weston Funding Corp. v. Lafayette Towers, Inc.*, 550 F.2d 710, 714-15 (2d Cir. 1977); *Wynn v. Union Local 237, I.B.T.*, No. 17-CV-3167 (LGS), 2019 WL 1171563, at *2 (S.D.N.Y. Mar. 13, 2019); *De Castro v. City of New York*, 278 F. Supp. 3d 753, 764 (S.D.N.Y. 2017). Although claim preclusion is an affirmative defense to be pleaded in a defendant's answer, *see* Fed. R. Civ. P. 8(c)(1), the Court may raise it on its own initiative, *see, e.g.*, *Scherer v. Equitable Assurance Soc' y of the United States*, 347 F.3d 394, 400 (2d Cir. 2003) ("It is well established law in this circuit that certain affirmative defenses, including res judicata, may be raised *sua sponte*.").

Plaintiff's claims in this action against Merck are product liability claims arising from Plaintiff's use of Vioxx. They are either the same claims that Plaintiff raised, or claims she could have raised, against Merck in *Strujan I*. The Eastern District of Louisiana dismissed Plaintiff's

claims in *Strujan I* on the merits when it granted Merck summary judgment. The doctrine of claim preclusion therefore prevents Plaintiff from asserting her claims against Merck in this action. The Court therefore dismisses Plaintiff's claims against Merck for failure to state a claim on which relief may be granted under the doctrine of claim preclusion. 28 U.S.C. § 1915(e)(2)(B)(ii).

**B.    Remaining claims**

Even when read with the "special solicitude" due *pro se* pleadings, *Triestman*, 470 F.3d at 474, Plaintiff's remaining claims must be dismissed as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i). There is no legal theory on which Plaintiff can rely with respect to her remaining claims. *See Livingston*, 141 F.3d at 437.

**C.    Leave to amend**

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiff's complaint cannot be cured with an amendment, the Court declines to grant Plaintiff leave to amend.

**D.    Plaintiff's litigation history**

By order dated November 21, 2018, the Court barred Plaintiff from filing future civil actions in this Court *in forma pauperis* without first obtaining from the Court leave to file. *Strujan v. Columbia Univ.*, No. 18-CV-8755 (LLS) (S.D.N.Y. Nov. 21, 2018). The Court issued that bar order because of Plaintiff's history of filing nonmeritorius actions in this Court. *See Strujan*, No. 18-CV-8755 (LLS) (S.D.N.Y. Oct. 9, 2018) (order of dismissal listing Plaintiff's litigation history). Plaintiff filed this nonmeritorious action before the Court issued the bar order.

The Court reminds Plaintiff that if she continues to file nonmeritorious actions in this Court, the Court may impose additional sanctions, including monetary penalties.

## CONCLUSION

The Court directs the Clerk of Court to assign this matter to my docket, mail a copy of this order to Plaintiff, and note service on the docket. The Court dismisses this action. The Court dismisses Plaintiff's claims against Merck & Co., Inc., for failure to state a claim on which relief may be granted under the doctrine of claim preclusion. 28 U.S.C. § 1915(e)(2)(B)(ii). The Court dismisses Plaintiff's remaining claims as frivolous. § 1915(e)(2)(B)(i).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court further directs the Clerk of Court to docket this order as a "written opinion" within the meaning of Section 205(a)(5) of the E-Government Act of 2002.

SO ORDERED.

Dated: April 26, 2019
New York, New York

COLLEEN McMAHON
Chief United States District Judge